### Edmund K. BRADSHAW,
### Plaintiff–Appellant,

### v.

### Jan CLEMENTS, Sheriff of Lane County, Oregon & Lane County Jail Administrator; John Anthony, Corrections Officer at Lane County Jail;

---

Clara Anthony, Sheriffs Deputy for Lane County; Gary Gosser, Sergeant, Lane County Sheriffs Department; Dan Stinson, Sheriff Deputy; Jenny Graham, Sheriff Deputy; Chris White, Sheriff Deputy; John D. Clague, Captain, Lane County Sheriffs Department, Defendants–Appellees.

No. 00–35183.

D.C. No. CV–99–6029–REJ/ST.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Edmund K. Bradshaw, formerly a Lane County Jail ("Jail") detainee, appeals pro se the summary judgment of the district court in his action alleging Jail officials failed to protect him from inmate attack.[3] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review summary judgment de novo. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir.1988). In order to state a 42 U.S.C. § 1983 claim under the Eighth and Fourteenth Amendments, a prisoner must show that prison officials acted with "deliberate indifference" to the threat of serious harm or injury by another person. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Because Bradshaw's evidence did not establish that he suffered a racially-motivated attack by "skinheads," that the

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** Bradshaw appeals only the judgment on this claim and has waived his right to appeal the dismissal of the other claims brought in his complaint.

Jail had a history of racially-motivated violence, or that defendants White or Stinson knew that moving Bradshaw to a different dormitory would expose him to a racially-hostile environment, the district court properly granted summary judgment. *See Leer*, 844 F.2d at 633–34.

Because the calculation of monthly payments for prisoners proceeding in forma pauperis is set by statute, we deny Bradshaw's request to change the monthly amount. *See* 28 U.S.C. § 1915(b).

AFFIRMED.

---

1. Because the panel unanimously finds this case suitable for decision without oral argument, Hason's motion for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.